# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | I.D. No. 1704012399 |
| | ) | In and for Kent County |
| v. | ) | |
| | ) | RK17-06-0304-01 Robbery 1st (F) |
| JUDEAU BROWN, | ) | RK17-06-0307-01 PFDCF (F) |
| | ) | |
| Defendant. | ) | |

## COMMISSIONER'S REPORT AND RECOMMENDATION

### Upon Defendant's Motion for Postconviction Relief
### Pursuant to Superior Court Criminal Rule 61

Stephen E. Smith, Esquire, Deputy Attorney General, Department of Justice, for the State of Delaware.

Judeau Brown, *Pro se.*

FREUD, Commissioner
October 3, 2019

The defendant, Judeau Brown ("Brown"), pled guilty on May 7, 2018 on the day his matter was set for trial to one count of Possession of a Firearm During the Commission of a Felony ("PFDCF"), 11 *Del. C.* § 1447A and one count of Robbery in the First Degree, 11 *Del. C.* § 832. He also faced one additional count of Robbery in the First Degree, one count of Attempted Robbery in the First Degree, one count of Assault in the First Degree, one count of Home Invasion and one count of Conspiracy in the Second Degree which were *nolle prossed* by the State in exchange

for Brown's plea. As part of the plea deal the State and the defense agreed to recommend a sentence of twenty-eight years incarceration, suspended after serving seven years, six of which were minimum mandatory, followed by probation. The Court agreed with the sentence recommendation and sentenced Brown accordingly. Had Brown gone to trial and been found guilty as charged he faced substantial time in prison. Brown did not appeal his conviction or sentence to the State Supreme Court. Instead, Brown filed a Motion for Reduction of Sentence, *pro se*, on August 2, 2018, which this Court denied on August 20, 2018 .[1] Next Brown filed the pending Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61 and an accompanying Memorandum of Law on April 15, 2019, in which he alleges, in part, ineffective assistance of counsel. Brown also requested the appointment of counsel which the Court denied on April 25, 2019. [2] On May 6, 2019 Brown filed a Motion for an Evidentiary Hearing. A decision on which was deferred until after briefing was completed. For the reasons set forth below I find Brown's motion meritless and consequently deny his Motion for Evidentiary Hearing.

## FACTS

The charges in this case stem from an April 17, 2017 home invasion and robbery. Brown and his co-defendant Quadaire N. Sadler ("Sadler") entered victim Matthew Newman's ("Newman") apartment on the premise they were there to purchase illegal drugs. Once in the home, Brown and Sadler began to pistol whip

---

[1] *State v. Brown*, Del. Super., ID No. 1704012399, Witham, R. J. (Aug. 20, 2018)(ORDER).

[2] *State v. Brown*, Del. Super., ID No. 1704012399, Witham, R.J., (April 25, 2019)(ORDER).

2

Newman with their handguns and stole his watch and marijuana. Newman's girlfriend, victim Simone Danzey ("Danzey") heard the commotion and a black male she later identified as Brown entered the bedroom with a hand gun and demanded money. Danzey fled from the residence through a window. Eventually Newman, Brown and Sadler exchanged gunfire. When the police arrived following a complaint concerning gunfire they found both Newman and Sadler with gunshot wounds. Brown was driven to Christiana Hospital with gunshot wounds by co-defendant Doh W. Doe ("Doe") who had driven Brown and Sadler to the robbery scene. The police apprehended Brown once he was released from the hospital. Brown was identified by Danzey and marijuana and blood were located in the getaway car.

## BROWN'S CONTENTIONS

In Brown's motion, he raises the following grounds for relief:

| | |
|---|---|
| Ground one: | Ineffectiveness of Counsel.<br>1. Counsel revealed confidential information to the prosecutor about the defendant's testimony during trial.<br>2. Failed to interview witnesses.<br>3. Failed to file motion for reduction of sentence. |
| Ground two: | Unfulfilled Plea Agreement.<br>1. The state never provided protection of defendant's residence during the defendant's cooperation investigation.<br>2. The state failed to house defendant at SCI. |
| Ground three: | Corruption and tampering with evidence.<br>The infamous firearm examiner, Carl Rone |

3

plead guilty to falsifying work records on October 24, 2018.

## DISCUSSION

Under Delaware law, the Court must first determine whether Brown has met the procedural requirements of Superior Court Criminal Rule 61(i) before it may consider the merits of the postconviction relief claims.[3] Under Rule 61, postconviction claims for relief must be brought within one year of the conviction becoming final.[4] Brown's motion was filed in a timely fashion, thus the bar of Rule 61(i)(1) does not apply to the motion. As this is Brown's initial motion for postconviction relief, the bar of Rule 61(i)(2), which prevents consideration of any claim not previously asserted in a postconviction motion, does not apply either.

Grounds for relief not asserted in the proceedings leading to judgment of conviction are thereafter barred unless the movant demonstrates: (1) cause for relief from the procedural default; and (2) prejudice from a violation of the movant's rights.[5] The bars to relief are inapplicable to a jurisdictional challenge or "to a claim that satisfies the pleading requirements of subparagraph (2)(i) or (2)(ii) of subdivision (d) of Rule 61.[6] To meet the requirements of Rule 61(d)(2) a defendant must plead with particularity that new evidence exists that creates a strong inference that the movant

---

[3] *Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991).

[4] Super. Ct. Crim. R. 61(i)(1).

[5] Super. Ct. Crim. R. 61(i)(3).

[6] Super. Ct. Crim. R. 61(i)(5).

4

is actually innocent in fact of the acts underlying the charges of which he was convicted[7] or that he pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United State or Delaware Supreme courts, applies to the defendant's case rendering the conviction invalid.[8] Brown's motion pleads neither requirement of Rule 61(d)(2).

None of Brown's claims were raised at the plea, sentencing or on direct appeal. Therefore, they are barred by Rule 61(i)(3), absent a demonstration of cause for the default and prejudice. Only Brown's first claim is based on ineffective assistance of counsel; therefore, he has alleged cause for his failure to have raised it earlier. Brown has failed to give cause for or prejudice for not raising his remaining claims sooner. They are therefore procedurally barred.

At this point, Rule 61(i)(3) does not bar relief as to Brown's ineffective assistance of counsel claims provided he demonstrates that his counsel was ineffective and that he was prejudiced by counsel's actions. To prevail on his claim of ineffective assistance of counsel, Brown must meet the two-prong test of *Strickland v. Washington.*[9] In the context of a guilty plea challenge, *Strickland* requires a defendant show: (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that counsel's actions were prejudicial to him in that there is a reasonable probability that, but for counsel's error, he would not have

---

[7] Super. Ct. Crim. R. 61(d)(2)(i).

[8] Super. Ct. Crim. R. 61(d)(2)(ii).

[9] 466 U.S. 668 (1984).

pled guilty and would have insisted on going to trial and that the result of a trial would have been his acquittal.[10] The failure to establish that a defendant would not have pled guilty and would have proceeded to trial is sufficient cause for denial of relief.[11] In addition, Delaware courts have consistently held that in setting forth a claim of ineffective assistance of counsel, a defendant must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal.[12] When examining the representation of counsel pursuant to the first prong of the *Strickland* test, there is a strong presumption that counsel's conduct was professionally reasonable.[13] This standard is highly demanding.[14] *Strickland* mandates that, when viewing counsel's representation, this Court must endeavor to "eliminate the distorting effects of hindsight."[15]

Following a complete review of the record in this matter, it is abundantly clear that Brown has failed to allege any facts sufficient to substantiate his claim that his attorney was ineffective. I find trial counsel's affidavit, in conjunction with the

---

[10] *Id.* at 687.

[11] *Somerville v. State*, 703 A.2d 629, 631 (Del. 1997)(citing *Albury v. State*, 551 A.2d 53, 60 (Del. 1988))(citations omitted).

[12] *See e.g.*, *Outten v. State*, 720 A.2d 547, 557 (Del. 1998) (citing *Boughner v. State*, 1995 WL 466465 at *1 (Del. Supr.)).

[13] *Albury*, 551 A.2d at 59 (citing *Strickland*, 466 U.S. at 689).

[14] *Flamer v. State*, 585 A.2d 736, 754 (Del. 1990)(quoting *Kimmelman v. Morrison*, 477 U.S. 365, 383 (1986)).

[15] *Strickland*, 466 U.S. at 689.

6

record, more credible that Brown's self-serving claims that his counsel's representation was ineffective. Brown's counsel clearly denies the allegations.

Brown was facing the possibility of substantial mandatory time in prison had he been convicted as charged. The sentence and plea were very reasonable under all the circumstances, especially in light of the overwhelming evidence against him. Prior to the entry of the plea, Brown and his attorney discussed the case. The plea bargain was clearly advantageous to Brown. Counsel's representation was certainly well within the range required by *Strickland*. Additionally, when Brown entered his guilty plea, he stated he was satisfied with defense counsel's performance. He is bound by his statement unless he presents clear and convincing evidence to the contrary.[16] Consequently, Brown has failed to establish that his counsel's representation was ineffective under the *Strickland* test.

Even assuming, *arguendo*, that counsel's representation of Brown was somehow deficient, Brown must satisfy the second prong of the *Strickland* test, prejudice. In setting forth a claim of ineffective assistance of counsel, a defendant must make concrete allegations of actual prejudice and substantiate them or risk dismissal.[17] In an attempt to show prejudice, Brown simply asserts that his counsel was ineffective. His statements are insufficient to establish prejudice, particularly in light of the evidence against him. Therefore, I find Brown's grounds for relief are

---

[16] *Mapp v. State*, 1994 WL 91264, at *2 (Del.Supr.)(citing *Sullivan v. State*, 636 A.2d 931, 937-938 (Del. 1994)).

[17] *Larson v. State*, 1995 WL 389718, at *2 (Del. Supr.)(citing *Younger*, 580 A.2d 552, 556 (Del. 1990)).

7

meritless.

To the extent that Brown alleges his plea was involuntary, the record contradicts such an allegation. When addressing the question of whether a plea was constitutionally knowing and voluntary, the Court looks to a plea colloquy to determine if the waiver of constitutional rights was knowing and voluntary.[18] At the guilty-plea hearing, the Court asked Brown whether he understood the nature of the charges, the consequences of his pleading guilty, and whether he was voluntarily pleading guilty. The Court asked Brown if he understood he would waive his constitutional rights if he pled guilty including the right to suppress evidence; if he understood each of the constitutional rights listed on the Truth-in-Sentencing Guilty Plea Form ("Guilty Plea Form"); and whether he gave truthful answers to all the questions on the form. The Court asked Brown if he had discussed the guilty plea and its consequences fully with his attorney. The Court asked Brown if he was entering into the plea as he was guilty of the charges. The Court also asked Brown if he was satisfied with this counsel's representation. Brown answered each of these questions affirmatively.[19]

Furthermore, prior to entering his guilty plea, Brown signed a Guilty Plea Form and Plea Agreement in his own handwriting. Brown's signatures on the forms indicate that he understood the constitutional rights he was relinquishing by pleading guilty and that he freely and voluntarily decided to plead guilty to the charges listed

---

[18] *Godinez v. Moran*, 509 U.S. 389, 400 (1993).

[19] *State v. Brown*, Del. Super., ID No. 1704012399 (May 7, 2018), Tr. at 5-12.

in the Plea Agreement. Brown is bound by the statements he made on the signed Guilty Plea Form, unless he proves otherwise by clear and convincing evidence.[20] I confidently find that Brown entered his guilty plea knowingly and voluntarily and that Brown's grounds for relief are completely meritless.

Turning briefly to Brown' two other claims, in Ground two he claims that the State failed to abide by the terms of the plea agreement to protect his residence and by failing to house him at Sussex Correctional Institution ("SCI") for the duration of his sentence. Brown's claims are factually incorrect. First, at the time he entered his plea, the State had the chief investigating officer contact Newark, Delaware Police Department to inform them of the issues concerning Brown's residence. That condition in the sentencing order was fulfilled that day. With regard to the failure to house Brown at SCI, the State took no action to prevent him from being housed at SCI or to affect Brown's housing in any way. The sentencing judge also noted that "The Court's power, Mr. Brown, is only to make the recommendation and direction to DOC, but where you are actually placed is actually subject to DOC's determination, but I will direct the Department of Corrections to house you at SCI,"[21]

In Ground three Brown argues that he should be able to withdraw his plea because of the involvement of Carl Rone in his case. That argument fails because as noted by the State, it did not plan on calling Mr. Rone in this case, as his expert report was neither inculpatory nor exculpatory. This ground for relief is meritless and

---

[20] *Sommerville* 703 A.2d at 632.

[21] *Brown*, Del. Super., ID No. 1704012399 (May 7, 2018), Tr. at 16.

9

procedurally barred.

## CONCLUSION

I find that Brown's counsel represented him in a competent and effective manner and that Brown has failed to demonstrate any prejudice stemming from the representation. I also find that Brown's guilty plea was entered knowingly and voluntarily. I recommend that the Court *deny* Brown's motion for postconviction relief as procedurally barred and completely meritless pursuant to Superior Court Criminal Rule 61(i)(3) and (4). Further I *deny* Brown's Motion for Evidentiary hearing as his motion is meritless.

/s/ Andrea M. Freud
Commissioner

AMF/dsc
oc:     Prothonotary

10